**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE RESTASIS (CYCLOSPORINE OPHTHALMIC EMULSION) ANTITRUST LITIGATION | 18-MD-2819 (NG) (LB) |
| THIS DOCUMENT APPLIES TO:<br><br>ALL END-PAYOR PLAINTIFF CLASS CASES | ORDER |

**GERSHON, United States District Judge:**

On May 5, 2020, I certified the following End-Payor Class:

All persons or entities who indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price for Restasis, other than for resale, who made their purchases in Arizona, Arkansas, California, Colorado, the District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine*, Massachusetts*, Michigan, Minnesota, Mississippi, Missouri*, Montana*, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont*, West Virginia, and Wisconsin from May 1, 2015, through the present (in the case of Arkansas only, July 31, 2017), for consumption by themselves, their families, or their members, employees, insureds, participants, or beneficiaries.

In the states marked with an asterisk, class members are only consumers, not TPPs.

Excluded from the class are:

Allergan, its officers, directors, employees, subsidiaries, and affiliates; all federal and state government entities except for cities, towns, municipalities, or counties with self-funded prescription drug plans; all persons or entities who purchased Restasis for purposes of resale or directly from Allergan of its affiliates; fully insured health plans, *i.e.*, plans that purchased insurance covering 100 percent of their reimbursement obligations to members; any "flat copay" consumers who purchased Restasis only via a fixed dollar copayment that does not vary on the basis of the drug's status as brand or generic; PBMs; and all judges assigned to this case and their chambers staff and any members of the judges' or chambers staff's immediate families.

*In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, 335 F.R.D. 1, 40 (E.D.N.Y. 2020).

On March 15, 2021, I granted End-Payor Plaintiffs' ("EPPs") Motion to Authorize Distribution of Class Certification Notice to the End-Payor Class. *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, 527 F. Supp. 3d 269, 271 (E.D.N.Y. 2021). Soon thereafter, I granted the parties' request to defer the notice deadlines because they had resumed settlement discussions. On May 28, 2021, the parties announced that they had reached a settlement in principle. On September 23, 2021, EPPs, on behalf of themselves and the End-Payor Class, entered into a settlement with defendant Allergan, Inc. ("Settlement").[1] And, on October 8, 2021, EPPs filed an Unopposed Motion for Preliminary Approval of Class Action Settlement, Notice and Claims Plan, and Plan of Allocation ("Motion").

On November 9, 2021, I held a hearing on the Motion, during which I asked EPPs to make changes to the proposed notice and claims forms as well as the Plan of Allocation. Plaintiffs submitted revised versions of those documents on November 23, 2021. At another hearing on December 10, 2021, I provided additional comments to plaintiffs on those proposed documents. In response, EPPs submitted another set of revised documents on December 22, 2021.

Having carefully reviewed the Motion and EPPs' revised notice and claim forms, as well as their revised Plan of Allocation, the Motion is granted.

It is further ordered that:

**Certified Class**

For purposes of the Settlement, the class period set forth in the class definition, with respect to all states except for Arkansas, is amended to end on July 31, 2021. The class definition otherwise remains the same, as does the class period for Arkansas. Excluded from the class are

---

[1] Terms capitalized in this Order and not otherwise defined here have the same meanings as those used in the Settlement Agreement and exhibits thereto.

MSP Recovery Claims, Series LC, MSPA Claims 1, LLC, and MAO-MSO Recovery II, LLC, Series PMPI who jointly filed a separate action against Allergan and have settled separately with Allergan.

**<u>Preliminary Approval of the Settlement</u>**

This court has jurisdiction over this action and each of the parties to the Settlement.

Under the proposed Settlement, Allergan will pay $29,999,999.99 to settle this class action. After deducting attorneys' fees, expenses of the litigation, administrative costs, and service awards to class representatives, the net fund remaining will be distributed to class members who submit valid and timely claim forms. I find that this proposed Settlement, which was arrived at by mediation under the auspices of the Honorable Edward A. Infante and arm's-length negotiations by experienced counsel after over three years of litigation, will likely warrant final approval as fair, reasonable, and adequate and that notice of the Settlement should be sent to the End-Payor Class.

I will make a final determination concerning the fairness, reasonableness, and adequacy of the Settlement after further consideration at the Final Approval Hearing.

Pending final approval of the Settlement and the entry of final judgment, any and all proceedings (other than those incidental to the settlement process) against defendant are stayed.

The Settlement Fund shall be maintained as a "qualified settlement fund" consistent with the terms of the Settlement. Citibank, N.A., is appointed as Escrow Agent.

Neither the contents of this Order nor the Settlement Agreement nor any other Settlement-related document or related proceedings shall constitute, be construed as, or be deemed to be evidence of or an admission or concession by defendant as to the validity of any claim that has

been or could have been asserted against defendant or as to any liability by defendant to the End-Payor Class.

**Notice and Claims Plan**

Federal Rule of Civil Procedure 23(c) sets forth the notice to class members required when a court certifies a class, while Rule 23(e) sets forth the notice to class members required when a court is asked to approve a class action settlement. Rule 23(e)'s requirements are less specific than those of Rule 23(c), and therefore a plan that satisfies Rule 23(c) also satisfies Rule 23(e). *See, e.g.*, *Godson v. Eltman, Eltman, & Cooper, P.C.*, 328 F.R.D. 35, 51 (W.D.N.Y. 2018). Here, because class members have not yet been notified that I have certified the End-Payor Class, the requirements of Rule 23(c)(2)(B) apply to the review of EPPs' notice plan. The notice plan EPPs submitted with the Motion is nearly identical to the plan set forth in EPPs' Motion to Authorize Distribution of Class Certification Notice to the End-Payor Class, which I concluded, after significant scrutiny, satisfies Rule 23(c). *See In re Restasis*, 527 F. Supp. 3d at 271. Although that plan was not effectuated because the parties reached this settlement, for the reasons set forth in my previous decision, EPPs' notice plan is approved.

A.B. Data is appointed as Claims Administrator.

I approve the Long- and Short-Form Notices, and the Third-Party Payor Postcard Notice, substantially in the form as attached as Exhibits 1, 2, and 3 to EPPs' December 22, 2021 letter.[2] A.B. Data may modify the form and/or content of the targeted advertisements and banner notices

---

[2] However, EPPs are instructed to make three changes to the Long-Form Notice. First, the word "also" should be deleted from the sentence that begins "Your email must also include:" in Section 14 on the top of Page 6. Second, in Section 19, the list of issues that will be addressed at the Final Approval Hearing should be amended to add the following issues: "Consider Class Counsel's Motion for Entry of a Set-Aside Order" and "Consider any motions in opposition to requests for exclusion." Third, in Section 21, the word "with" should be deleted from the sentence that begins, "If you want to attend the Final Approval Hearing and comment or object."

as it deems necessary and appropriate to maximize their impact and reach, as long as those modifications substantially comport with the targeted advertisements and banner notices attached to the Declaration of Linda Young submitted in support of the Motion.

I approve the claim forms substantially in the form as attached as Exhibits 4 and 5 attached to End-Payor Plaintiffs' December 22 letter as fair, reasonable, and adequate.

If A.B. Data rejects or reduces any class member's claim, it must simultaneously notify that class member of the class member's right to invoke the dispute resolution process identified in the claim forms.

Defendant shall provide notice of the Settlement as required by 28 U.S.C. § 1715.

**Plan of Allocation**

I find that the Plan of Allocation attached as Exhibit 6 to EPPs' December 22 letter is fair, reasonable, and adequate.

**Schedule**

EPPs and A.B. Data shall adhere to the following schedule:

1. Within 3 days of this Order: submit a proposed order setting forth the specific dates for the remaining deadlines in this Order;

2. Within 14 days of this Order: activate website and toll-free number;

3. Within 14 days of this Order: initiate digital publication notice;

4. Within 21 days of this Order: complete mailing of TPP Postcard Notice to third-party payors;

5. Within 91 days of this Order: complete publication notice; and

6. Within 105 days of this Order, A.B. Data shall file a declaration confirming that it has distributed Notice in accordance with the Notice Plan and this Order.

7. Members of the End-Payor Class may request to be excluded from the class. Exclusion requests must be emailed or mailed to A.B. Data no later than 105 days of this Order.

8. Within 119 days of this Order, EPPs shall:

    a. E-file a list of class members requesting exclusion from the settlement;[3]

    b. File a motion (if any) opposing any requests for exclusion;

    c. File a motion for final approval; and

    d. File a motion for the payment of attorneys' fees, reimbursement of expenses, and service awards for the Class Representatives

9. Within 140 days of this Order, class members shall:

    a. Submit any responses to End-Payor Class Counsel's Motion for Entry of a Set-Aside Order (ECF 511);

    b. Submit any opposition to any motion opposing a request for exclusion;

    c. Submit any objections or oppositions to the motions for final approval, fees, reimbursement of expenses, and service awards; and

    d. Submit any Notice of Intent to Appear at the Final Approval Hearing.

---

[3] To the extent any consumers opt out of the End-Payor Class, the names of those class members shall be filed under seal.

10. To the extent any submissions by class members in the above paragraph are received by class counsel or A.B. Data but not provided to the court, EPPs shall promptly file such submissions via ECF.

11. Within 154 days of this Order, EPPs shall file replies in support of the Motion for Entry of a Set-Aside Order, the motions for final approval, fees, reimbursement of expenses, and service awards, and any motion in opposition to requests for exclusion.

12. Once filed, all briefs submitted by EPPs shall also be made available on the settlement website.

13. The Final Approval Hearing, at which I will consider the Motion for Entry of a Set-Aside Order, the final approval motion, the fee motion, and any motion in opposition to requests for exclusion will be held on July 12, 2022 at 2:00 p.m. EST.  The hearing may be rescheduled or continued.  In that event, counsel shall be responsible for notifying class member by posting conspicuous notice on the settlement website.

14. Class members' claims shall be postmarked, or submitted online via the settlement website, no later than 30 days after the Final Approval Hearing.

**SO ORDERED.**

_____/S/_____
**NINA GERSHON**
**United States District Judge**

January 18, 2022
Brooklyn, New York